United States District Court
Southern District of Texas
**ENTERED**
August 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jonathan B. Emmons, FatalX3rror, and JZ Dev, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:25-cv-00824 |
| v. | § § § | |
| Gaimin AG, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This opinion recommends that all claims be dismissed for want of prosecution and failure to comply with court orders.

On January 13, 2025, Plaintiff Jonathan Emmons, acting pro se, filed this suit in state court on his own behalf and purportedly on behalf of Plaintiffs FatalX3rror and JZ Dev, two entities of unspecified type. *See* Dkt. 1-2 at 6, 13 (original petition). The petition asserts claims for fraud, breach of contract, breach of fiduciary duty, and negligent misrepresentation against Defendant Gaimin AG ("Gaimin"), and several of Gaimin's officers, Defendants Andrew Faridani, Calvin Adamus, Martin Speight, Clive Aroskin, Robert Van Schaik, Buki Ben Natan, Maximiliam Jonsson, Casey James, Joseph Turner, and Marc Bray. *See id.* at 6-8.

Gaimin removed the case to this Court on February 25, 2025, asserting diversity jurisdiction. Dkt. 1 at 5. In the same filing, Gaimin moved to dismiss all claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction, *id.* at 6-13; Rule 12(b)(4)-(5) for insufficient service of process, *id.* at 13-19; Rule 9(b) for failure to plead fraud with sufficient particularity, *id.* at 19-20; and Rule 12(b)(6) for failure to state a claim, *id.* at 20-26.

No counsel appeared for Plaintiffs FatalX3rror and JZ Dev. Because those entities cannot proceed *pro se*, this Court entered a June 20, 2025 order directing FatalX3rror and JZ Dev to "either (1) file notices of appearance by counsel; or (2) show cause why the law does not require them to appear through counsel" by July 15, 2025. Dkt. 14 at 2. The Court warned that failure to do so could result in dismissal of all claims. *See id.*

In the same order, the Court noted that Plaintiffs had failed to properly confer with Defendants and submit a Joint Discovery Case Management Plan ("JDCMP") at least ten days before the initial conference, which had been reset for June 27, 2025. *See id.* at 2. The Court warned Emmons of his "affirmative duty to <u>confer with</u> defendants and jointly prepare the [JDCMP,]" and that "failure to properly confer could result in dismissal of this suit." *Id.* But the Court gave Emmons another chance by resetting the initial conference for August 1, 2025, warning (again) that failure to confer and participate in

2

preparing and submitting the JDCMP "may result in sanctions, including dismissal of the action and assessment of fees and costs." *Id.* at 3.

Plaintiffs did not heed the Court's directives. They did not respond to the show cause order regarding FatalX3rror's and JZ Dev's inability to appear without counsel. And Emmons again failed to confer, forcing Gaimin to submit the JDCMP without Plaintiffs' input. *See* Dkt. 15. Compounding these violations, Emmons also failed to appear at the initial conference on August 1, 2025. *See* August 1, 2025 docket entry. Gaimin's counsel explained that the last time Emmons responded to counsel's communications was March 25, 2025.

The record reflects that Plaintiffs had notice of the relevant filings. As Gaimin demonstrated, Plaintiff Emmons confirmed receiving all notices via ECF at his email address. *See* Dkt. 8 at 1. Early on, Gaimin updated Emmons's physical mailing address and re-sent Emmons copies of those initial filings. *See id.* (explaining that Gaimin provided copies of Dkt. 1, 3, and 4). The Court's June 20, 2025 non-compliance order was also sent to Emmons, by email and by regular mail to his updated street address. *See* Dkt. 14 at 3.

Plaintiffs' failures to respond to a show-cause order, to confer with Defendants and submit a JDCMP, and to appear at the initial scheduling conference are unexcused and violate the Court's directives. Plaintiffs were warned, multiple times, about the consequences of their failures to act. Yet Plaintiffs have not filed anything since this case was removed six months ago

suggesting that they do not intend to continue prosecuting this case, much less made any attempt to comply with court orders. The appropriate consequence is to dismiss their suit.

## Conclusion

It is therefore **RECOMMENDED** that all claims of Plaintiffs Jonathan Emmons, FatalX3rror, and JZ Dev against Defendants Gaimin AG et al. should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. Gaimin's motion to dismiss, embedded in its notice of removal (Dkt. 1), should be **DENIED AS MOOT**.

The clerk of court shall send a copy of this opinion to Emmons to his email and mailing addresses of record.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 5, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge